IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2004 Session

**IN RE B.N.S.**

**Appeal from the Juvenile Court for Marion County**
**No. 20-222A     Charles Jenkins, Sr., Judge**

_____

**No. M2003-02524-COA-R3-PT - Filed April 26, 2004**

_____

This appeal involves the termination of the parental rights of a twelve-year-old child. The Hamilton County Juvenile Court placed the child in the custody of her uncle and aunt because she was chronically absent from school. The uncle and aunt later moved to Marion County. After the uncle and aunt decided that they no longer desired to have custody of the child, the Marion County Juvenile Court placed the child in the custody of the Department of Children's Services. Approximately fifteen months later, the Department filed a petition in the Marion County Juvenile Court to terminate the biological parents' parental rights. The juvenile court granted the termination petition after overruling the mother's objection that the petition should not have been filed in Marion County. The child's mother has appealed. We have determined that the order must be reversed because venue for this termination proceeding does not lie in Marion County.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Marshall A. Raines, Jr., Jasper, Tennessee, for the appellant, K.D.S.

Paul G. Summers, Attorney General and Reporter, and P. Robin Dixon, Jr., Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

**OPINION**

**I.**

K.D.S. is the mother of four children, all of whom have different fathers. This proceeding involves her oldest child, B.N.S., who was born in August 1992. K.D.S. is currently thirty-three years old and has a ninth grade education. She has moved around in the Chattanooga area quite a bit and has supported herself with odd jobs. For most of the time relevant to this appeal, she lived with her parents in Chattanooga.

In early 1999, K.D.S. and her children were living with her brother and sister-in-law in Chattanooga. In February 1999, a petition was filed in the Hamilton County Juvenile Court alleging that B.N.S. was truant because she had missed thirty-five days of school, nine days because she had head lice. The juvenile court did not order remedial action at first. However, after it learned during an April 1999 hearing that B.N.S. had missed ten more days of school and had been late on seven other days, the court entered an order on May 17, 1999 placing B.N.S. in the temporary custody of her uncle and aunt.[1]

In January 2000, B.N.S. moved with her uncle and aunt from Hamilton County to Marion County. B.N.S. proved to be difficult to control. She soiled herself frequently, suffered seizures, acted aggressively toward other children, and performed badly in school. Believing that their efforts to deal with B.N.S. were preventing them from properly caring for their own children, B.N.S.'s uncle and aunt "returned" B.N.S. to the Marion County Juvenile Court in March 2000. In an order entered on March 22, 2000, the Marion County Juvenile Court placed B.N.S. in the custody of the Department of Children's Services. Thereafter, the Department placed B.N.S. in several different foster homes outside of Marion County.

For the next year or so, the Department attempted to implement a permanency plan that involved B.N.S. and her uncle and aunt but apparently did not involve either her mother or biological father. On July 3, 2001, the Department filed a petition in the Marion County Juvenile Court seeking to terminate the parental rights of K.D.S. and C.N., Jr., B.N.S.'s suspected biological father.[2] The juvenile court appointed a guardian ad litem for B.N.S., as well as a lawyer to represent K.D.S. Shortly thereafter, K.D.S.'s lawyer moved to dismiss the termination petition on the ground that it should have been filed in Hamilton County rather than Marion County. The juvenile court denied the motion and, following an October 25, 2002 hearing, entered an order on March 4, 2003 terminating both K.D.S.'s and C.N., Jr.'s parental rights with regard to B.N.S.[3] K.D.S. has appealed.[4]

---

[1] Both parties assert in their briefs that the Hamilton County Juvenile Court placed B.N.S. in the custody of the Department of Children's Services; however, the court's May 17, 1999 order is the only custody order in the record, and it clearly placed B.N.S. in her uncle's and aunt's custody. The record does not reveal what role, if any, the Department played in this proceeding.

[2] C.N., Jr. was served by publication. He did not participate in the proceedings in the juvenile court and has not made an appearance on appeal.

[3] The record contains no explanation for the juvenile court's four month delay in preparing and filing the order terminating K.D.S.'s and C.N., Jr.'s parental rights.

[4] The record on appeal was not filed with this court until October 22, 2003. We have been provided no explanation why the clerk of the Marion County Juvenile Court needed seven months to prepare and transmit the record of these proceedings.

## II.

This appeal raises only one issue – whether the Department properly filed its petition to terminate the parental rights of B.N.S.'s biological parents in the Marion County Juvenile Court. Resolving this issue requires us to construe Tenn. Code Ann. § 36-1-113(d)(4) (Supp. 2003), the statute governing venue in proceedings to terminate parental rights that are not filed in conjunction with a petition for adoption. We have concluded that the Department and the Marion County Juvenile Court have misconstrued this statute.

For most civil cases, venue in transitory actions is proper in the county in which the cause of action arose or in the county where the defendant resides or is found. *See* Tenn. Code Ann. § 20-4-101(a) (1994). However, the Tennessee General Assembly may enact different venue provisions for specific causes of action, and it has exercised this power with regard to proceedings to terminate parental rights. Tenn. Code Ann. § 36-1-113(d)(4), which tips the venue scales in favor of the Department and against the biological parents, provides for three venue options in termination proceedings that are not part of an adoption proceeding. These options include:

> (A)    In the court of the county where the child currently resides in the physical custody of the petitioner or petitioners;
>
> (B)    In the court which has jurisdiction to adjudicate a termination of parental rights and which has awarded the custody of the child to the petitioner or petitioners under a prior order by which the petitioner or petitioners currently hold legal custody or complete or partial guardianship; or
>
> (C)    In any court in the county where the child currently resides or which has jurisdiction to adjudicate a termination of parental rights if the petitioner(s) currently has legal custody or complete or partial guardianship of the child under a prior court order or statutory authorization.

Thus, in order for the termination proceeding to continue in Marion County over K.D.S.'s objections, the Department was required to demonstrate that the proceeding fits within one or more of the three statutory venue alternatives.

## A.
### VENUE UNDER TENN. CODE ANN. § 36-1-113(d)(4)(A)

To establish venue in Marion County under Tenn. Code Ann. § 36-1-113(d)(4)(A), the Department was required to establish (1) that the child was residing in Marion County when the termination petition was filed and (2) that the child was in the physical custody of the Department when the termination petition was filed. The Department fails on both counts. B.N.S. was not residing in Marion County when the Department filed its termination petition, nor was she in the

physical custody of the Department. When the Department filed its termination petition in July 2001, B.N.S. was residing in a therapeutic foster home in Monroe County. Thus, while the Department had a colorable claim to legal custody of B.N.S., it is undisputed that B.N.S. was in the physical custody of the foster home in Monroe County, not the Department.

## B.
### VENUE UNDER TENN. CODE ANN. § 36-1-113(d)(4)(B)

To establish venue in Marion County under Tenn. Code Ann. § 36-1-113(d)(4)(B), the Department was required to demonstrate (1) that the Marion County Juvenile Court had jurisdiction to terminate parental rights and (2) that, at the time the Department filed the termination petition, it held legal custody of B.N.S. by virtue of a prior order of the Marion County Juvenile Court. While the Marion County Juvenile Court had subject matter jurisdiction to terminate parental rights, the Department cannot demonstrate that it had a valid order by the Marion County Juvenile Court placing B.N.S. in its custody.

The Marion County Juvenile Court's March 22, 2000 order placing B.N.S. in the Department's custody is void. Prior to the entry of that order, the Hamilton County Juvenile Court had acquired and properly exercised jurisdiction over the custody of B.N.S. Once the Hamilton County Juvenile Court exercised jurisdiction over B.N.S., its jurisdiction continues "until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f)." Tenn. Code Ann. § 37-1-103(c) (Supp. 2003).

The record on appeal contains no indication that the original Hamilton County proceedings were ever dismissed or that the Hamilton County Juvenile Court transferred the case to the Marion County Juvenile Court. Thus, we must conclude that the Hamilton County Juvenile Court continued to have jurisdiction over proceedings regarding B.N.S.'s custody when the Marion County Juvenile Court entered its order placing B.N.S. in the Department's custody. In that circumstance, the Marion County Juvenile Court had no statutory authority to exercise jurisdiction over B.N.S.'s custody, and, therefore, its March 22, 2000 order is void. Because the March 22, 2000 order is void, the Department cannot demonstrate the existence of a valid order by the Marion County Juvenile Court granting it legal custody of B.N.S. when it filed its termination petition on July 3, 2001.

## C.
### VENUE UNDER TENN. CODE ANN. § 36-1-113(d)(4)(C)

To establish venue in Marion County under Tenn. Code Ann. § 36-1-113(d)(4)(C), the Department must demonstrate (1) either that the child was currently residing in Marion County or that the Marion County Juvenile Court had jurisdiction to terminate parental rights and (2) either that the Department had legal custody of the child when it filed the termination petition or had statutory

authorization to file a termination petition.[5] We have determined that Tenn. Code Ann. § 36-1-113(d)(4)(C) should not be interpreted to enable the Department to circumvent Tenn. Code Ann. § 37-1-103(c).

There is no question that the Department has statutory authorization to file petitions to terminate parental rights or that the Marion County Juvenile Court has subject matter jurisdiction to hear and dispose of termination petitions. However, the flexibility written into Tenn. Code Ann. § 36-1-113(d)(4)(C) was not intended to allow the Department to forum shop or to avoid the clear, precise requirements of Tenn. Code Ann. § 37-1-103(c). The clear policy behind Tenn. Code Ann. § 37-1-103(c) is that once a juvenile court assumes and exercises jurisdiction over a child, it should continue to exercise jurisdiction over that child until the case is concluded unless, for good reason, it decides to transfer the case to another court.

The Hamilton County Juvenile Court was the first court to acquire and exercise jurisdiction over B.N.S. and, as far as the record on appeal shows, has never relinquished jurisdiction. Therefore, all the orders entered by the Marion County Juvenile Court prior to the filing of the Department's termination petition were void. When the Department filed its termination petition in Marion County, the Hamilton County Juvenile Court had already exercised jurisdiction over B.N.S., B.N.S. was not physically residing in Marion County, and the Department did not have legal custody of B.N.S. Under this state of facts the Marion County Juvenile Court should have declined to assert its jurisdiction over B.N.S. and should have granted K.D.S.'s motion to dismiss the termination petition for improper venue.

## III.

The order terminating K.D.S's parental rights with regard to B.N.S. is reversed and the case is remanded to the Marion County Juvenile Court with directions to dismiss the petition with regard to K.D.S.[6] and for whatever further proceedings may be required. We tax the costs of this appeal to the State of Tennessee.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[5]Tenn. Code Ann. § 36-1-113(b) authorizes the following to file termination petitions: (1) the prospective adoptive parent or parents, including extended family members caring for related children, (2) licensed child-placing agencies having custody of the child, (3) the child's guardian ad litem, (4) a court appointed special advocate agency, or (4) the Department.

[6]C.N., Jr. has not appealed from the order terminating his parental rights with regard to B.N.S. We do not disturb the portion of the Marion County Juvenile Court's March 4, 2003 order terminating his parental rights.